UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BYRON DREW,

        Plaintiff,

v.

        Case Number 10-12554-BC
        Honorable Thomas L. Ludington

ADAM DUANE ROBBINS,

        Defendant.
_____/

## ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND SCHEDULING HEARING ON MOTION FOR PRELIMINARY INJUNCTION

On June 29, 2010, Plaintiff Byron Drew, a Michigan resident, filed a complaint alleging claims for defamation and intentional infliction of emotional distress against Defendant Adam Duane Robbins, an Ohio resident. Plaintiff requests $250,000 in damages and injunctive relief. Plaintiff also filed an ex parte motion for a temporary restraining order and a preliminary injunction. [Dkt. # 2]. Plaintiff contends that between December 14, 2009 and April 5, 2010 Defendant sent text messages to Plaintiff's girlfriend claiming that Plaintiff is a pedophile and a rapist. Plaintiff contends that the text messages are false and defamatory. He asserts that they have caused immediate and irreparable harm and will continue to cause such harm unless an injunction is issued before Defendant can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). Specifically, Plaintiff contends that the defamatory text messages have interfered with his career as a youth baseball umpire and coach.

The motion will be denied to the extent it seeks an ex parte order enjoining further text messages, and the motion for a preliminary injunction will be scheduled for an expedited hearing.

The Sixth Circuit employs four factors when determining whether to issue a preliminary injunction. *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007).

> (1) whether the movant has a strong likelihood of success on the merits;
>
> (2) whether the movant would suffer irreparable injury without the injunction;
>
> (3) whether issuance of the injunction would cause substantial harm to others; and
>
> (4) whether the public interest would be served by the issuance of the injunction.

*Id.* (quoting *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)). These factors represent issues that should be considered not "prerequisites that must be met" before the injunction can be issued. *Id.* (quotations omitted). Although not required, district courts should generally consider each of the four factors before issuing a preliminary injunction. *Id.*

Even though "no one factor" will control the outcome, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Plaintiff bears the burden of proving its entitlement to a preliminary injunction. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 574 (6th Cir. 2002). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.*

Only in rare circumstances will a court enjoin speech, even if that speech is false and defamatory. *See Dupuis v. Kemp*, No. 263880, 2006 WL 401125 (Mich Ct. App. Feb. 21, 2006); *McFadden v. Detroit Bar Ass'n*, 145 N.W.2d 285 (1966); *see also Karhani v. Meyer*, 270 F. Supp. 2d 926 (E.D. Mich. 2003) (refusing to enjoin speech and citing cases). The reluctance is based on the "heavy presumption" against the "constitutional validity" of prior restraints on speech. *See Org.*

*for a Better Austin v. Keefe*, 402 U.S. 415 (1971); *New York Times v. Sullivan*, 376 U.S. 254 (1964); *Near v. Minnesota*, 283 U.S. 697 (1931); *see also Metro. Opera Ass'n v. Local 100, Hotel Employees and Restaurant Employees Int'l Union*, 239 F.3d 172 (2d Cir. 2001) (overturning a district court grant of a preliminary injunction despite finding that the enjoined speech was defamatory).

A temporary restraining order will not be granted without written or oral notice to the adverse party unless a verified complaint alleges "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . ." Fed. R. Civ. P. 65(b)(1)(A). Here, the only alleged harm relates to the Plaintiff's reputation and the resulting loss in income from coaching and umpiring youth baseball. Those are harms that can be remedied through money damages. Accordingly, Plaintiff has not alleged the type of irreparable harm or loss that justifies issuance of a temporary restraining order without notice to the adverse party.

Moreover, it appears unlikely at this juncture that Plaintiff's request for a preliminary injunction will be successful. Plaintiff has not cited a single case where a court has enjoined defamatory speech. The Court's own research reveals that such cases are exceedingly rare, and typically involve situations where the offending speech has already been considered and adjudged to be defamatory or the speech was published in aid of another tort or wrongful action. *See Dupuis*, 2006 WL 401125, at *2 n.2 (quoting 42 Am. Jur. 2d, Injunctions, § 97, at 691–92).

Plaintiff's motion will be denied to the extent it seeks an ex parte restraining order. A hearing will be scheduled to consider Plaintiff's request for a preliminary injunction. To ensure Defendant an opportunity to respond, expedited service will be directed.

Accordingly, it is **ORDERED** that Plaintiff's motion for a temporary restraining order and preliminary injunction is **DENIED IN PART**.

It is further **ORDERED** that a hearing on Plaintiff's motion for a preliminary injunction is scheduled for **July 26, 2010 at 3:00 p.m.** at the U.S. Courthouse in Bay City, Michigan.

It is further **ORDERED** that Plaintiff is **DIRECTED** to serve Defendant with process and a copy of this order on or before **July 12, 2010** to ensure Defendant an opportunity to respond. If proper service cannot be completed by that date, Plaintiff is directed to notify the Court in writing and the hearing will be postponed until at least fourteen days after proper service of Defendant.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 1, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 1, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS